Martin, J.
delivered the opinion oflthe court. The plaintiff demands therestitution of a dowry of twenty-three hundred dollars, which sheal-ledges to have been received by her husband. The defendants deny that he received it. She produces her marriage contract, in which her mother declares that the property of the future *652 wife, her daughter, consists for the present in a 7 3 7 1 sum of 2300 dollars, viz. 600 dollars her share of her father’s estate,1000 dollars in cash, 600 dollars in a slave, and 100 dollars in furniture and cattle. The future husband declares he has no property. The future husband and w ife make a reciproc aldonation of the usufruct of the property of the one who may die first to the survivor, and for the performance of the contract, bind their respective estates present and to come. The plaintiff shewed that the slave made part of the property surrendered by her husband to his creditors. She had judgment in the parish court for the slave and costs, and appealed.
Her counsel contends that the paymeid’of the dowry ought to be presumed, from the circumstance that the husband had no estate to support the family, from that of his having bound his property present and to come, and from a part of the dowry, viz. the slave, being proven to have been received by him, since he is part of the property surrendered.
We cannot say that the parish court erred. It is clear that no part of the property was in the possession of the insolvent, at the execution of the contract. The first item was a sum due the wife; the 1000 dollars are stated to be in *653 the possession of the wife, as well as the rest of the property enumerated. It is true l,e bound his property for the due execution of the contract; so did the wife, yet it cannot be pretended, that she received any thing. The presumption which rises from the need in which the husband appears to have been of receiving his wife’s dowry for the support of the family, is not sufficient to produce the conviction of his having been successful in obtaining it, even where coupled with the circumstance of his having been in possession of considerable property, at the time of the surrender. Whatever may be the amount of the property so ceded, it is not pretended to be more than that of his debts, and he owed only what he had received. Where there is an acknowledgment of the husband that the dowry w as received, proof that a part of it came to his hands, may raise such a presumption that the whole did, as will repel the exception non numerates pecuniae; but in the present case, the parish court acted correctly in allowing to the plaintiff the slave, as the only part of the property of the wife that came to the hands of the insolvent.
It is, therefore, ordered, adjudged and decreed that the judgment be affirmed, at the costs of the plaintiff and appellant.