Porter, J.
The petition alleges property in the plaintiff, of a certain lot of ground, situated in this city, on Dorsier-lane; and that a certain J.Mitchell,had entered upon the premises, and cut down and destroyed the gate therefore belonging to the petitioner, to her damage of $500. It is further alleged, that the defendant, acting under the orders of one A. Jackson, had commenced building a brick wall on a lot adjoining, and had placed a part of the said wall, on the lot before mentioned, although expressly forbidden, and warned not to do so. An injunction is prayed for, prohibiting the said Mitchell, from proceeding any further in the erection of the wall, and judgment is asked for the damages already mentioned.
The judge granted the injunction.
The defendant answered, denying the facts and allegations, and setting up special matter in defence. This answer was afterwards withdrawal and a supplemental one filed, vouching A. Jackson, as the owner of the lot, and the person interested in the defence of the suit.
A. Jackson, the person thus cited, in warranty appeared, and filed an answer, which *425 contained the general issue, that he was the owner of the lot, and had been in possession of it for ten years. But that if it should be decreed to be the property of the petitioner, still, he had a right of placing half a wall there, not more than 18 inches thick.
Testimony, both oral and written, was taken down on the trial of the cause, which, from the manner the cause comes up, it is unnecessary to set forth at length.
The court gave judgment, dismissing the injunction, but decreeing, that the defendant pay $5, and costs of suit, for the trespass.
From this decision, the defendant appealed, and alleges, that it is inconsistent in dissolving the injunction, and yet decreeing him to pay damages and costs.
It has been already decided by this court, in the case of White vs. Well's executors, 5 Martin, 652, that the party who succeeds on the question of title, in a suit for land, may yet be obliged to pay damages, for an illegal and forcible entry on it.
That decision proceeded on the principle that men should not be permitted to do justice to themselves, by an act of violence ; and from a wish to enforce that principle of our *426 law, which guards and protects possession, until title is shewn and proved.
I am of opinion, that the doctrine laid down there, was sound and correct, and applicable to this case.
The evidence supports the conclusion which the parish judge drew from it, and I think the judgment rendered below, should be affirmed with costs.