### FLEITAS & AL. vs. MAYOR AND ALDERMEN OF NEW ORLEANS.

A complete grant prevails over an order of survey.

PORTER J. delivered the opinion of the court. The petitioners claim title to a tract of land,

in the rear of the city of N. Orleans, " contain- ing two acres in front, on the space of sixty feet reserved on the canal Carondelet, by eigh- teen in depth," by virtue of a grant to Carlos Guardiola, dated the 20th of May, 1800, and a deed of sale from said Guardiola to their ancestor.

They aver that they have had peaceable possession of the property, until the mayor, alderman, and inhabitants of the city of New Orleans, on a certain day, in the month of April last past, entered into and took possession of a portion of the premises.

And they pray that, the mayor and aldermen may be directed to abate, and pull down the enclosures they have erected, and be enjoined from further disturbing the petitioners in the enjoyment of this land, and they demand one thousand dollars damages, for the injury they have already sustained.

The corporation plead to this petition the general issue, and that the land claimed makes part of a tract which they *bona fide* purchased, for a valuable consideration, from Bartholomew Macarty.

They pray that Macarty may be cited to

East'n District.
July, 1823.

Fleitas & al.
vs.
Mayor & al-
dermen of N.o

defend the suit, and that they be dismissed with costs.

Macarty was cited and he appeared, and answered that he was the lawful owner of the premises, claimed by the petitioners, in virtue of a grant made to John Baptiste Macarty, his deceased father, by the baron Carondelet, on the 22d of December, 1795, the title to which was lost through accident, in the hands of the said baron Carondelet; and that he has acquired a complete right to this property, by the prescription of ten, twenty and thirty years.

On the pleadings, the first thing to be enquired into is the title of the plaintiff, and its location.

Both are clearly and satisfactorily made out. The petitioners shew that they are in all the right which Guardiola had; they exhibit a concession to him in form; and they establish its location, by a plat of survey, made by the surveyor-general of the province of Louisiana, to which the title refers. Which location embraces the premises now in dispute between the parties.

The title which the defendant sets up is of an anterior date to that of the plaintiff, and if proved to be of equal dignity, must prevail in this contest.

East'n District.
*July*, 1823.

FLEITAS & AL.
*vs.*
MAYOR & AL-
DERMEN OF N.O

The evidence, on which the defendants rely, to establish the existence of their title, consists entirely in the deposition of a certain Vicento Sebastian Vintado, formerly deputy surveyor-general of the province of Louisiana, now residing in the city of Havana, who has been most minutely interrogated, in respect to all the circumstances, attending the issuing of the title, and its loss.

The defendants seem to have been aware of the importance of establishing, that a complete grant issued to Macarty, and, as the opinion which we have formed on this point decides the cause, we shall refer to so much of the testimony, as will enable the view we have taken of it, to be clearly understood.

In the third and fourth interrogatories, put by the defendants to the witness, he is asked, (among other things,) if he has any knowledge of a grant having issued to J. B. Macarty, for a certain quantity of land, situated, &c. To that question he answers, that it is to his certain knowledge that J. B. Macarty obtained, from the Spanish government, a concession of land, (*una concession de tierras*) in the vicinity of New-Orleans, which he describes as being the premises now sued for.

East'n District.
July, 1823.

FLEITAS & AL.
vs.
MAYOR & AL-
DERMEN OF N.O

In the second interrogatory put, on the cross examination, he is asked, whether the grant, of which he speaks, had the seal of the government to it, and he answers that the said decree was not sealed, (*no estaba sellada dicho decreto*) nor was it necessary to be so, as the seal was only required to patents, dispatches, titles, or documents, which beginning by the name, style, title, dignity, and office of the governor, concluded by the counter signature of the secretary, after the signature and seal of the superior.

To the fourth interrogatory, the witness states that he cannot (as, indeed, it could hardly be expected he would) at this distance of time swear, what were the precise words of the grant; but in reply to the fifth question, whether it was a complete one, he declares, that, when he saw and had in his power *the concession,* he *considred it as the most legal and formal that could be made.* Without remarking on the great caution with which the answer is given, it is plain from the subsequent part of the reply to this same interrogatory, that what the deponent means by concession, [*concesion*] is not what we understand by a complete grant, and that the title, relied on by the defen-

dants, was not clothed with the formalities which made a complete one, under the former government of Louisiana.

East'n District.
*July*, 1823.

FLEITAS & AL.
*vs.*
MAYOR & AL-
DERMAN OF N.O

He is asked, what were the formalities required and practised, at that time, in Louisiana, in granting lands, and he answers, with great accuracy, that, as it respects the lands purely royal [*realengas*] during the time that the governor had the power of granting them, they were given for settlement, and the formalities were very simple, without prejudice to their authenticity. They were confined to decreeing the petition; (which generally exhibited, the previous attestation of the lands being vacant that were solicited) ordering that the surveyor-general, or an individual whom he might nominate, should establish the party soliciting, upon such an extent of land being vacant, and doing no injury to the surrounding occupants. With a similar precaution, concluding, by ordering the surveyor to make out the survey, and remit it to government, in order to furnish the person, in whose favor it was made, with a corresponding title in form. The survey being finished, and a figurative plan being made out, and the process verbal, or certificate of there being no opposition being extended, the

East'n District.
July, 1823.

PLEITAS & AL.
vs.
MAYOR & AL-
DERMEN OF N.O
government enregistered the whole in a paper book in the office, numbering the plan and documents dispatched, the whole of which was copied in the register, and generally preserving the original decrees. Upon which, the title in form (*el titulo en forma*) was made out, and the seal was put to it.

It is impossible to compare this part of the witness' testimony, with that, in which he speaks of the various circumstances which attended the issuing of the title to Macarty, and not feel that the *concesion*, as it is called, had not ripened into a complete grant; but if there be a doubt, there can be none, when we refer to the answer to the second interrogatory. He there tells us, in express terms, that no seal was annexed to the title given to the defendants' grantor. We have it from himself, however, (what we know otherwise to be a fact) that complete grants, [*titulos en forma*] had the governor's seal to them; and hence we conclude Macarty's was not one of that description.

Independent of the proof of the nature of the title of the defendants, which we consider conclusive, it is evident from the terms used by the witness when speaking of it, that he was alluding to an order of survey. He calls it *conce-*

East'n District.
July, 1823.

PLEITAS & AL.
vs.
MAYOR & AL-
DERMEN OF N.O

sion, *decreto;* when he speaks of that which is-sues after a completion of the formalities requi-red by law, he uses the term, *titulo en forma.*

We observe that the fifth cross interrogato-ry, which asked the witness whether the *grant was complete,* was translated *completu concesion,* and that his answer was, he considered the concession [ *la concesion* ] as complete a one as could he made. We do not doubt that it was as complete an order of survey as could have been made, and the witness, taking the question as translated, might well have answer-ed as he did; for we have already seen that he attaches quite a different meaning to the word, from that which belongs to the term *titulo en forma.*

Our examination of the testimony having thus b ought us to the the conclusion, that, the title, under which the defendants hold, is not a complete grant, the plaintiffs', which is one of that description, must prevail.

This view of the question renders it unne-cessary to examine the object which the gover-nor had, in getting the title back into his hands, and what were the legal consequences of his neglecting or refusing to give it up. *White* vs. *Well's Exrs.* 5 *Martin,* 652.

East'n District.
July, 1823.

FLEITAS & AL.
*vs.*
MAYOR & AL-
DERMEN OF N.O

The plea of prescription does not appear to be sustained : the possession of the defendants, is not found to have been different from that of the plaintiffs.

It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed ; and it is further ordered, adjudged and decreed, that the plaintiffs do recvoer of the defendants, the land mentioned in the petition ; and it is further ordered, adjudged and decreed, that this case be remanded to ascertain the damages which the defendants are entitled to receive for their vendor cited in warranty ; and it is further ordered, that the appellees pay the costs of the appeal.

*Livingston* for the plaintiffs, *Moreau* for the defendants.